ANW 12.12.24
SAM: 2024R00607; 2024R00608

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>NEIL DAUBACH and<br>JERMAINE STURGIS,<br><br>Defendants. | CRIMINAL NO. RDB-24-363<br><br>(Conspiracy to Obstruct Justice, 18 U.S.C. § 371; Falsification and Destruction of Records, 18 U.S.C. § 1519; Witness Tampering, 18 U.S.C. § 1512; False Statements, 18 U.S.C. § 1001; Aiding and Abetting, 18 U.S.C. 2) |

## INDICTMENT

### COUNT ONE
(Conspiracy to Obstruct Justice)

The Grand Jury for the District of Maryland charges that:

### Introduction

1. At all times relevant to this Indictment, the defendants, **NEIL DAUBACH** and **JERMAINE STURGIS**, were employed as correctional officers at the Eastern Correctional Institution ("ECI"), located in Somerset County, Maryland.

2. On July 12, 2021, Samuel Warren, a correctional officer at ECI who was then working in ECI's Housing Unit 4, repeatedly punched an inmate, K.K., without justification while K.K. was handcuffed, in violation of 18 U.S.C. § 242. **DAUBACH** and another ECI correctional officer were present for the assault.

3. Subsequently, Warren, **DAUBACH**, **STURGIS**, and other ECI correctional officers conspired to cover up the unlawful assault. To carry out the agreement, Warren, **DAUBACH**, and other correctional officers authored false and misleading reports about Warren's unreasonable use of force against K.K. and the officers' response to that use of force. Warren, **STURGIS**, and other correctional officers agreed to delete a video of events that took place after

1

the use of force—that contained evidence that an unlawful assault had occurred—and a correctional officer deleted that video. And correctional officers, including **DAUBACH** and **STURGIS**, then lied to law enforcement officers about the use of force and their knowledge of the incident.

### The Charge

4. On or about July 12, 2021, and continuing through at least February 2023, in the District of Maryland, the defendants,

**NEIL DAUBACH and
JERMAINE STURGIS,**

knowingly and willfully combined, conspired, and agreed with other correctional officers known and unknown to the Grand Jury to commit an offense against the United States. Specifically, the defendants and their co-conspirators agreed to commit the following offenses against the United States:

   a. acting in relation to and in contemplation of a matter within the jurisdiction of the Federal Bureau of Investigation ("FBI"), an agency of the United States, to knowingly falsify and make a false entry in a record and document (specifically, reports concerning Warren's unlawful assault of K.K.) and to destroy a record and tangible object (specifically, a video that contained evidence of Warren's unlawful assault of K.K.) with the intent to impede, obstruct, and influence the investigation and proper administration of that matter, in violation of 18 U.S.C. § 1519; and

   b. to knowingly engage in misleading conduct toward other people with the intent to hinder, delay, and prevent communication to a federal law enforcement officer and judge of information relating to the commission and possible commission of a

federal offense (specifically, Warren's unlawful assault of K.K.), in violation of 18 U.S.C. § 1512(b)(3).

## Manner and Means of the Conspiracy

5. It was a part of the plan and purpose of this conspiracy that the defendants, Warren, and other correctional officers at ECI would cover up evidence of the fact that Warren, while acting under color of law, had used unreasonable force against K.K. during the July 12, 2021 assault, in an effort to protect Warren and the other officers who were present for the unlawful assault. The plan of the conspiracy was for the co-conspirators to destroy a video that contained evidence of the unlawful assault; to prepare false and misleading reports concerning the unlawful assault and the deletion of the video, and to submit those false reports to superiors at ECI; and to make false statements to anyone inquiring about the unlawful assault and the deletion of the video, including any law enforcement authorities.

## Overt Acts

6. In furtherance of this conspiracy and to effect the objects thereof, the defendants and their co-conspirators committed the following overt acts in the District of Maryland:

   a. In or about July 2021, **DAUBACH**, Warren, and another ECI correctional officer who was present for the unlawful assault of K.K. consulted with each other concerning what they would write in their reports about the unlawful assault. During the consultation, the officers planned to draft reports with nearly identical false accounts of Warren's unreasonable use of force against K.K.

   b. On or about July 12, 2021, **STURGIS**, Warren, and other ECI correctional officers who were part of the conspiracy watched a video recording of events that took place after Warren's unlawful assault of K.K., which included footage of K.K.'s visible injuries and K.K.'s accusation that Warren had assaulted him. After watching the

video, **STURGIS** suggested that the video did not look good for Warren and that the video should be deleted. The officers agreed that the video should be deleted and that, if asked, the officers would lie about the deletion. In keeping with this agreement, a correctional officer deleted the video.

c. In or about July 2021, **DAUBACH**, Warren, and other ECI correctional officers who were part of the conspiracy submitted false and misleading reports to superiors at ECI concerning Warren's unreasonable use of force against K.K. and the other officers' response to that unreasonable use of force. For his part, **DAUBACH** ultimately submitted a report that omitted his presence for the unlawful assault, as well as any information or observations he had about what had led up to or occurred during the unlawful assault.

d. In or about August 2021, and continuing through in or about May 2022, **DAUBACH**, **STURGIS**, Warren, and other ECI correctional officers who were part of the conspiracy made false and misleading statements to state law enforcement authorities concerning Warren's unreasonable use of force against K.K., the circumstances surrounding that unreasonable use of force, and the disappearance of the video.

e. In or about August 2022, and continuing through at least October 2023, **STURGIS** and other ECI correctional officers who were part of the conspiracy made false statements to a Special Agent of the FBI and, in some cases, committed perjury before a federal grand jury concerning Warren's unreasonable use of force against K.K., the circumstances surrounding that unreasonable use of force, and the disappearance of the video.

18 U.S.C. § 371

## COUNT TWO
(Falsification of Records)

The Grand Jury for the District of Maryland further charges that:

On or about July 12, 2021, in the District of Maryland, the defendant,

**NEIL DAUBACH,**

acting in relation to and in contemplation of a matter within the jurisdiction of the FBI, an agency of the United States, knowingly falsified and made a false entry in a record and document with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, the defendant, in an effort to cover up the unlawful assault, knowingly wrote a false report in which he, among other things, omitted the fact that he had witnessed Warren using unreasonable force against K.K.

18 U.S.C. §1519

## COUNT THREE
(Destruction of Records)

The Grand Jury for the District of Maryland further charges that:

On or about July 12, 2021, in the District of Maryland, the defendant,

**JERMAINE STURGIS,**

acting in relation to and in contemplation of a matter within the jurisdiction of the FBI, an agency of the United States, knowingly destroyed and concealed, and counseled, induced, and willfully caused to be destroyed and concealed, a record and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of that matter. Specifically, the defendant, in an effort to cover up the unlawful assault, recommended to other officers known and unknown to the Grand Jury that a video containing evidence of Warren's unreasonable use of force against K.K. should be deleted.

18 U.S.C. § 1519

18 U.S.C. § 2

## COUNT FOUR
(Witness Tampering)

The Grand Jury for the District of Maryland further charges that:

Beginning on or about August 4, 2021, and continuing through at least on or about April 26, 2022, in the District of Maryland, the defendant,

**NEIL DAUBACH,**

knowingly engaged in misleading conduct toward another person with the intent to hinder, delay, and prevent communication to a federal law enforcement officer and judge of information relating to the commission and possible commission of a federal offense. Specifically, during interviews with state investigators concerning Warren's unreasonable use of force against K.K., the defendant misled the state investigators—including by providing a false description of Warren's unreasonable use of force against K.K. and omitting the fact that Warren had repeatedly punched K.K.—in an effort to cover up the unlawful assault.

18 U.S.C. § 1512(b)(3)

## COUNT FIVE
(Witness Tampering)

The Grand Jury for the District of Maryland further charges that:

On or about December 7, 2021, in the District of Maryland, the defendant,

**JERMAINE STURGIS,**

knowingly engaged in misleading conduct toward another person with the intent to hinder, delay, and prevent communication to a federal law enforcement officer and judge of information relating to the commission and possible commission of a federal offense. Specifically, during an interview with a state investigator concerning Warren's unreasonable use of force against K.K., the defendant misled the state investigator—including by omitting the fact that he knew the video recording of events following Warren's unreasonable use of force against K.K. had been deleted—in an effort to cover up the unlawful assault.

18 U.S.C. § 1512(b)(3)

## COUNT SIX
(False Statements)

The Grand Jury for the District of Maryland further charges that:

On or about September 6, 2022, and February 27, 2023, in the District of Maryland, the defendant,

## JERMAINE STURGIS,

knowingly and willfully made a materially false statement and representation in a matter within the jurisdiction of the FBI, an agency of the executive branch of the government of the United States. Specifically, during interviews with an FBI Special Agent concerning Warren's unreasonable use of force against K.K., the defendant (1) falsely claimed that he did not watch any video on the evening of Warren's unreasonable use of force against K.K. (September 6, 2022); (2) falsely stated that, when the correctional officer who filmed the events following Warren's unreasonable use of force against K.K. went to review the video, the officer said that the video was not there, that the camera had messed up again, and that he was mad that the camera didn't work (September 6, 2022); (3) falsely denied that he (the defendant) did not have any knowledge of any files being deleted (February 27, 2023); and (4) falsely stated that he (the defendant) did not believe that an officer had deleted any video files (February 27, 2023). The defendant's statements were false and misleading because—as the defendant then and there knew—the video

had been deleted after the defendant watched it and suggested deleting it.

18 U.S.C. § 1001(a)(2)

_____
Erek L. Barron
United States Attorney

_____
Kristen Clarke
Assistant Attorney General

A TRUE BILL:

SIGNATURE REDACTED
_____
Foreperson

Date: 12/12/2024